## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MAGDALENA GIRON,

        Plaintiff,

v.                                                     No. CIV 04-670 BB/WDS

SUSANA CHAPARRO,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court pursuant to a motion to dismiss filed by Defendant. [Doc. 7] Having considered the submissions of the parties and the applicable law, the Court will deny the motion.

      This case arises out of events occurring while Defendant was a judge of the Dona Ana County magistrate court in Las Cruces, New Mexico. At the time Plaintiff was under contract to provide interpreting services for that court. Plaintiff has filed a civil-rights lawsuit against Defendant as a result of actions taken by Defendant at the courthouse, while Defendant was on duty as a judge. Defendant has moved to dismiss the complaint, claiming she is entitled to absolute judicial immunity.

      In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. " *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim

for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).  The Court will decide the motion with the above standard in mind.

The only question presented by the motion to dismiss is whether Defendant is entitled to the protection of absolute judicial immunity, under the facts alleged by Plaintiff.  The United States Supreme Court has created a two-part test that is applied to claims of absolute judicial immunity.  A judge is entitled to such immunity if the act that is the basis of the lawsuit was a judicial act, and if the judge did not act in the clear absence of all jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Factors determining whether an act by a judge is a "judicial act" include whether the act is a function normally performed by a judge, and whether the parties dealt with the judge in her judicial capacity rather than some other capacity.  *Id.* at 362.  It is clear that not all actions of a judge are "judicial acts" simply because they were performed by a judge; actions that are characterized as administrative or executive acts do not give rise to absolute immunity.  *Forrester v. White*, 484 U.S. 219, 227-229 (1988).

In applying the *Stump* test, some lower courts have considered four factors in deciding whether an act by a judge should be considered a judicial action entitled to immunity:  (1) is the act complained of a normal judicial function; (2) did the events occur in the judge's chambers; (3) did the controversy center around a case then pending before the judge; and (4) did the events at issue arise directly and immediately out of a confrontation with the judge in her official capacity.  *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989); *Harper v. Merckle*, 638 F.2d 848, 858 (5th Cir. 1981).  Other courts, including the Tenth Circuit, have simply applied the two-part analysis set out in *Stump*--whether the act was one normally considered a judicial function, and whether the parties involved dealt with the judge in her judicial capacity.  *See, e.g., Barrett v.*

*Harrington*, 130 F.3d 246, 257-60 (6th Cir. 1997); *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985).

It is now beyond question that a judge, acting in her role as an employer, does not perform a judicial act when firing, disciplining, or failing to promote an employee. *See Forrester; Duffy v. Wolle*, 123 F.3d 1026, 1034 (8th Cir. 1997). On the other hand, a judge's actions are judicial acts protected by immunity if the judge is controlling discipline or security in her courtroom. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (judge had immunity for act of ordering courtroom personnel to find attorney scheduled to appear before judge, and bring attorney to the courtroom); *Martinez v. Winner*, 771 F.2d 424, 434-35 (10th Cir. 1985) (judge's actions intended to prevent intimidation of jurors in courtroom were protected by absolute immunity).

The allegations contained in the complaint in this case appear to fall between the clear-cut extremes of a judge acting as an employer and a judge controlling the conduct of a proceeding in her courtroom. Accepting the allegations of the complaint as true, it is not possible to determine whether Defendant's actions were an effort to control conduct in her courtroom, during a pending proceeding, or were an effort to impose her will over a court employee.[1] Plaintiff has alleged that Defendant was angry because Plaintiff, rather than Defendant's sister, was awarded the contract to provide interpreter services to the magistrate court. Plaintiff also alleged that Defendant engaged in a campaign of harassment against her from the day she started fulfilling her contract, and gave the following examples: accusing Plaintiff of falsifying vouchers, berating Plaintiff in public, attempting to assign Defendant's sister to perform interpreter services in a branch courthouse in Anthony, New

---

[1]Defendant emphasizes the fact that she was not Plaintiff's direct employer. Instead, Plaintiff was a contractor employed by the state administrative office of the courts. However, Plaintiff was under contract to provide interpreting services in Defendant's courtroom, and while providing such services was in effect Defendant's employee. The fact that no direct employer-employee relationship existed does not change the analysis.

Mexico, interrupting proceedings in other judge's courtrooms to demand that Plaintiff come to her courtroom, and falsely accusing Plaintiff of making unauthorized long-distance phone calls from the courthouse. The situation deteriorated to the point, Plaintiff alleges, that Plaintiff subcontracted with another interpreter to provide services in Defendant's courtroom, so Plaintiff would not have any dealings with Defendant. Plaintiff also communicated to the administrative office of the courts the problems that were resulting from Defendant's treatment of Plaintiff and other court interpreters, and the fact that Defendant's actions were impairing the provision of interpreter services to the public. Plaintiff alleges that the administrative office contacted Defendant to inquire about the problem.

On June 26, 2001 events came to a head when Defendant came into another magistrate judge's courtroom, where Plaintiff was waiting to provide interpreting services, and said she needed Plaintiff in her courtroom. When Plaintiff arrived in Defendant's courtroom, Defendant was already engaged in conversation with the prosecuting and defense attorneys, discussing what Plaintiff thought were administrative matters. After some time, Defendant asked Plaintiff if she had interpreted the conversation for the client, and Plaintiff replied that she did not know the conversation concerned the client's case. Defendant became angry, and an argument ensued during which Defendant several times told Plaintiff to sit down. Plaintiff told Defendant they needed to talk to the clerk of the court, and began to walk out of the courtroom. Defendant yelled at Plaintiff to come back and sit down, and when Plaintiff kept walking Defendant followed her to the court clerk's office. Defendant accused Plaintiff, in front of the court clerk, of being incompetent, and ordered her to return to the courtroom. Defendant then ordered Plaintiff to leave the courtroom and go home, even though Plaintiff was required to be at the courthouse to provide services to the other magistrate judges. The next day, on June 27, two police officers came into a magistrate judge's courtroom and arrested Plaintiff on the basis of a warrant Defendant had issued, charging Plaintiff with contempt of court.

Plaintiff was handcuffed, taken to the police station, and kept there until she obtained a writ of superintending control from the state district court, ordering that she be released.  No criminal complaint or formal contempt action was ever filed against Plaintiff.[2]

Based on the foregoing facts, it would be possible to determine that Defendant was acting as a disgruntled employer, rather than a judge, when she berated Plaintiff and issued the warrant for her arrest.  The mere fact that Defendant chose to express her anger through a contempt citation, which is  normally a judicial function, does not automatically make her action a "judicial act" for immunity purposes.  *See, e.g, Harper v. Merckle*, 638 F.2d 848, 859 (5th Cir. 1981) (where judge held plaintiff in contempt after judge interjected himself into a personal matter that was not in court at the time, judge was not entitled to immunity because he had used his judicial office as "an offensive weapon to vindicate personal objectives...").[3]  Also, the fact that the final interaction  between Plaintiff and Defendant began in a courtroom, during or after proceedings in front of the judge, does not mandate a finding that Defendant's actions were judicial acts.  A judge may not use her power of contempt to punish an employee, as a result of a dispute over that employee's performance of her duties, and then obtain immunity simply because the employee's duties involved the courtroom process.  The factual issue to be resolved is whether the judge was using the contempt power to accomplish a judicial end or to vindictively discipline a court employee.  In this case, Plaintiff has

---

[2]Plaintiff emphasizes the fact that Defendant did not follow any statutory procedures in holding Plaintiff in contempt.  However, it is clear that even an erroneous and procedurally irregular contempt citation is protected by absolute immunity, if the other requirements of the "judicial act" test are met.  *See, e.g., McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).

[3]The Court notes there is one case from the Ninth Circuit that seems to imply that the act of holding someone in contempt is always a "judicial act" even if the purpose of that act is to address courthouse administrative matters rather than a pending case.  *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  This Court respectfully disagrees with the *Crooks* decision, finding it in conflict with the Supreme Court's *Forrester* opinion.

adequately alleged that Defendant used her power of contempt not to preserve order in the courtroom, but to continue her campaign of harassment arising out of Defendant's personal animus toward Plaintiff, a court employee.  Therefore, Defendant is not entitled to absolute immunity as a matter of law.

## ORDER

Pursuant to the foregoing Memorandum Opinion, it is hereby ORDERED that the motion to dismiss filed by Defendant [Doc. 7] be, and hereby is, DENIED.

Dated:   December 8, 2004.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

**Attorneys:**

For Plaintiff:
Philip B. Davis
Joleen K. Youngers

For Defendants:
Lawrence R. White